The Honorable Lloyd R. George State Representative Route 1, East Ola, Arkansas 72853
Dear Representative George:
This is in response to your request for an opinion on several questions concerning the control of refuse coming into Yell County. Your questions will be restated below and answered in the order posed.
Your first question references A.C.A. 14-232-103, and asks whether the quorum court and county judge have the authority to prevent out-of-county refuse from being brought into Yell County by other counties or individuals hauling other counties' refuse. Section14-232-103 provides:
 (a) Any county or municipality in this state is authorized to own, acquire, construct, reconstruct, extend, equip, improve, operate, maintain, sell, lease, contract concerning, or otherwise deal in facilities of any nature necessary or desirable for the control, collection, removal, reduction, disposal, treatment, or other handling of refuse. Each undertaking by a county or municipality under this chapter may sometimes be referred to as a "project".
 (b) Counties and municipalities are authorized to prescribe, by order or ordinance, reasonable rules and regulations necessary or appropriate to the control collection, removal, reduction, disposal, treatment, and handling of refuse.
Although this provision grants counties and municipalities broad authority in the area of refuse disposal, that authority does not include the power to promulgate regulations which contravene the Interstate Commerce Clause of the United States Constitution. I am enclosing copies of Opinion No. 89-180 and 89-024 which discuss this issue at length and which conclude that, generally, counties do not have the authority to prohibit the importation of out-of-county refuse into its borders.[1]
Your second question is whether the quorum court and the county judge can prevent refuse from Yell County from being hauled out of Yell County. This is apparently a novel question, as I have found no case law addressing it precisely. It is my opinion, however, that the same basic precepts of commerce clause analysis control your question. "Refuse" or "solid waste" is an article of commerce. Legislation which attempts to block the flow of interstate commerce at a state's or county's border, without some legitimate objective and without only an incidental burden on commerce, will be struck down. PHILADELPHIA v. NEW JERSEY,437 U.S. 617 (1978). It is my opinion that a regulation which prohibits the export of refuse from the county, without a separate legitimate legislative objective, would amount to an overt blocking of the flow of commerce in violation of the rule of law set out above.[2]
Your third and fourth questions concern A.C.A. 14-232-116 (Supp. 1987). That section provides as follows:
 (a) No county or municipality in a county shall acquire land for or establish a solid waste disposal site or facility in another county without the prior approval of the county judge wherein the land is proposed to be acquired or wherein the site or facility is proposed to be located.
 (b) Any official of a county or a municipality which violates the provisions of this section shall be subject to a fine of not less than one thousand dollars ($1,000) more more than five thousand dollars ($5,000) and the conviction shall be grounds for removal from office.
Your fourth question, which relates to the statute above, is as follows:
 Does this act mean that individuals or other counties cannot establish a landfill in another county unless prior approval of the Quorum Court and the County Judge have been secured?
This statute does not restrict the activities of "individuals". To this extent the answer to your question is "no". The statute provides that COUNTIES and MUNICIPALITIES cannot establish solid waste facilities in other counties without prior approval of that county's quorum court and county judge. Thus to this extent, the answer to your question is "yes".
Your fourth question also relates to A.C.A. 14-232-116, and is as follows:
 After the land has been condemned but not settled in court yet, can the county where the landfill is located refuse to take another county's refuse, or the refuse of the property owner whose land has been condemned, but refuse is from outside [sic] county?
The answer to this question, in my opinion, is generally "no". A county cannot, without some separate legitimate objective, bar the importation of out-of-county solid waste into its borders, without running afoul of the Interstate Commerce Clause of the United States Constitution. SEE GENERALLY, Opinions Nos. 89-180 and89-024 for detailed analysis and exceptions.[3]
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
[1] Please note that these opinions do include some exceptions, such as the exception based upon the "market participant" theory. See Opinion No. 89-024, n. 2.
[2] More facts would be required to determine conclusively whether particular legislation would have a separate legitimate purpose and an incidental burden on interstate commerce. Without those facts, it is assumed herein that the legislative objective which forms the basis of your question is to bar the importation or exportation of refuse without any other objective.
[3] Again, without further facts, we cannot determine conclusively whether the county's activity would have a separate legitimate purpose, and only an incidental burden on interstate commerce.